New York Legal Assistance Group v. Cardona, et al. Mr. Polver. Good afternoon, Your Honors. May it please the Court. When conducting the searching and careful review required to determine whether an agency's decision-making was arbitrary and capricious, the question is not, as the Department of Education, or ED, suggests here, which is whether in the abstract the action or choice is reasonable. Rather, it's whether the agency's contemporaneous justification— I have to take a step back. Do we have jurisdiction? Sure. You know, there was this remand without vacator, and it's clear that the agency has to do something about the statute of limitations, and they haven't, and isn't that typically a situation in which this is an interrogatory appeal? We disagree, Your Honor, as to the clarity of that the agency has to do something. The language that was used, remanding for further proceedings, is common when a district court vacates or doesn't vacate. But here, there was a problem because there was an issue of a statute of limitations. It was the only thing the district court found was potentially arbitrary and capricious because they said they would do something, and then they did something without doing it, and so they sent it back to do something. Now, wasn't the district—wasn't something there that had to be done? And in both cases, you could have asked for an interlocutory appeal. You may even still be able to if we told the time because of this, but isn't this just a typical case if it ain't before us yet? Several points in response to that. One, Your Honor, we could not move for a partial entry of final judgment because the district court entered final judgment on all claims as to all parties, and therefore, we couldn't then ask it to enter a final judgment only part when it already had entered a final judgment and closed the case. Second, the district court did not find that the agency had acted arbitrarily and capriciously as to the claim it found in our favor. It found a notice and comment violation, and this goes to the error in the district court's remedial decision not to appealability. There is nothing to reconsider for the agency on remand because you can't reconsider a notice and comment violation. And if you look at the cases that we cited in our brief, including the Tenth Circuit and the D.C. Circuit cases, say exactly in this situation where the word—just because the word remand is used, if it's not the Tenth Circuit and the D.C. Circuit borrowed this, asks is it a traditional remand where you're asking the agency to take another look at something and that could potentially fix the problem? Well, they are trying to potentially fix the problem because they're trying to eliminate the statute of limitations provision as a whole in the 2022 rule, right? So the 2022 rule— It's before the Fifth Circuit, but in that rule it would be gone, right? There's always—any time a plaintiff wins, the agency could always commence new notice and comment rulemaking. And if that were the case, then any time a plaintiff wins on some of their claims and loses on the other— But what's odd about this one is it looks as though they sent it back to do something relatively simple, and then the next administration decides to do something much broader, and then the Fifth Circuit stops them, and so we don't really know what happened or what was going to happen to the one issue that was not solved. I disagree on that because notably in this case, until briefing in this appeal began, the Department of Education never said it had anything to do with this case. And the question is not whether the agency could do something to fix the problem. The question is whether there's anything left for the district court to do, and there are ongoing proceedings in the district court. And that's why this court has repeatedly noted that the point of the finality requirement is to avoid piecemeal appeals where you come back challenging different aspects of the district court's decision. There's nothing left for the district court to do. Now, whether on the merits what the district court did and said, oh, just take care of this, Ed, whether that was the appropriate thing, that's a merits question. But there was no— You also argue, and I'm just going to ask the government about this, that the district court didn't understand that it had the ability to vacate just this portion of the rule. But that the analysis just looked at the rule as a whole and decided, I don't want to vacate the whole rule because that would cause problems, so I'm just going to remand. And that the district court just sort of misconstrued what options were available. Is that what your argument is? Yes, we believe that was an abuse of discretion, which is the standard for METO, which is by not considering the possibility of severance when determining the remedy. If we were to agree that the district court, I don't know, didn't abuse discretion, just didn't consider that, we can't analyze that discretion because it appears the district court didn't consider that, the district court could strike that portion, right? Absolutely. If this court would resolve the jurisdictional issue before us. In other words, if the district court, understanding her authority better, said, you know what, if I could just strike the statute of limitations rule, I'll do that. There's nothing bad that's going to happen to borrowers from that. Then that would, we'd have no jurisdictional problem here, right? Well, I think the court would have to have jurisdiction to vacate the final judgment for the district court to do that. So it's a kind of chicken and egg thing. I understand that. The district court says I'm vacating the statute of limitations portion of the rule. So that's final, right? That's appealable, right? But I'm saying the district court doesn't have jurisdiction to do that right now. I'm saying if we send it back and said you didn't consider that, we want you to consider that, the district court could say, oh, now considering that, I'm just going to vacate the statute of limitations portion of the rule with no remand to the agency. I think that would then lead to the exact thing that 1291 is supposed to avoid, which is piecemeal appeals, because then we'd end up right back here to address the merits of the appeal. We're in the situation in which we are. And one way of solving it is the way the presider said, to tell the district court to separate it, and then there is an appeal, and then we would hear you. And it may be that that's premature now, but- There would be no piecemeal. That wouldn't be a piecemeal. But we would have to come back here to address the arbitrary and capricious arguments that- That's not piecemeal. That just means you would have to come back, potentially. But we do those types of remands all the time. But, Your Honor, we believe that in the cases that we cited are fairly clear and have addressed this exact situation. They are far from good. The Fifth Circuit changed its mind. It issued an opinion. It withdrew the opinion. You have the Ninth Circuit opinions out there, the law on when. The E.C. Circuit obviously has some opinions out there. Will we be opining on an area of the law that we have never opined on, where even though there is a general rule that a remand means it's not final, but as far as this particular situation, it's a pretty complicated analysis that I don't think we've ever done before. Well, Your Honor, I'm assuming we're eating into our battle time, but the- I won't count it. The only cases where they have been cited where kind of these mixed decisions in the district court that have not been deemed appealable was in their final judgment was not entered on all of the claims. All of the cases where final judgment was entered, the appellate courts have found that there is jurisdiction in a case like this, and that's from the First Circuit, the Tenth Circuit, and we think those cases are quite clear. Your Honor, in this, there was a denial of some- Yes, so the Fifth Circuit, on reconsideration, they realized that there hadn't been judgment entered on one of the claims, whereas here, no one is arguing that the judgment hasn't been entered on all of the claims. All right. Thank you. Thank you. Good afternoon. May it please the court. I'm Tomoko Onizawa from the U.S. Attorney's Office for the Southern District of New York on behalf of defendants' appellees. So, you know, plaintiffs, this court lacks jurisdiction to consider this appeal. Plaintiffs challenged various aspects of the 2019 rule and sought vacater of those provisions. We have the ability to look at whether the district court misunderstood her authority with respect to invalidating, vacating a portion of the rule. We can look at that, right? That is an issue on appeal, correct? Right. So explain to me, the district court, if you look at her analysis on the prong one and prong two, it seems pretty clear to me that it's looking at the rule as a whole. With respect to prong one, which is the seriousness of the agency actions deficiencies, the district court says, although the plaintiff alleged numerous deficiencies, I've only found one. So I'm not going to vacate the whole rule, basically, is what is being said there. But that's the wrong analysis. The wrong analysis is whether or not there's the seriousness of the particular deficiency that she found, right? So that's completely absent. And then on disruption, with respect to the consequence of vacature, the district court says, although vacature of the 2019 would simply mark a return to the 2016 rule, there would be some degree of disruption to students asserting borrower defenses. So it seems like the district court looked at the disruption if the whole rule was eliminated and not just the statute of limitations part. Because if the district court eliminated the statute of limitations part, that would have no negative ramifications for borrowers because there would be no statute of limitations for them. It wouldn't affect them at all. It would be good for them, right? So what am I missing? It seems like the analysis is only looking at the rule as a whole. As a government, what am I missing? So, I mean, our position, obviously, is that the district court didn't abuse its discretion in remanding the three-year statute of limitations issue to the agency without vacating it. Look, the district court had ruled on one of NILAG's two challenges to that statute of limitations issue. And it held that the failure to provide the public with an opportunity to comment on the three-year statute of limitations was a significant procedural error on the agency's part. And courts have recognized, as has this court in NRDC versus EPA in 2015, that a regulation can be left in place while the agency follows the necessary procedures. But where, I understand that, but where in the analysis of the district court did the district court consider whether to keep, to only vacate that portion of the rule? It's not there, right? Is that something that we can do for it? Or should we send it back and say, here, you haven't thought about this. Think about this. And if you do it, then you create something that is jurisdiction. And if you choose not to because you think for certain reasons it shouldn't, then the case is not done. But isn't that what we would normally do? Or does somebody argue that we could do that for the district court? I haven't seen that argued by anybody. Again, so the agency had failed to comply with necessary procedures. That is what the district court recognized and remanded to the agency to do it the right way. It was entirely conceivable that the three-year statute of limitations could have been reinstated so long as the agency had followed the necessary procedure. I know, but for two-and-a-half years now, what the district court has determined was not properly done has remained on the books for two-and-a-half years, right? Because the district court did not understand that that portion could have been vacated, right? But even if the district court had – As a matter of fact, the last line of the opinion is remand rather than vacature is the appropriate remedy. Again, looking at it as a whole. Let me ask you this. If we were to send this back to the district court to consider this issue explicitly and the district court said, I'm now considering that issue explicitly. I'm going to vacate that portion of the rule, and I'm not going to remand. I thought I only had an option to remand the whole thing or vacate the whole thing. I'm just going to vacate the statute of limitations part and not do a remand at all under those circumstances. Well, we would submit that remand is the appropriate remedy here because, again— Do you concede that the district court has the authority to vacate that portion of the rule? Of course it does, right? Certainly. Okay. So then if the district court vacates that portion of the rule, the district court doesn't have to remand it then? I guess they could, but the district court doesn't have to, right? But generally, the body of case law provides that remand is the appropriate— At that point, we have jurisdiction to consider arbitrary and capricious, which at the moment is a problem. So why isn't that? I mean, it does mean sending it back to the district court for it to do something. They've already wasted two and a half years, and what happens to these rules is such a mess anyway with different administrations doing different things. So what's so bad about just doing that? Because the point here is that there is a final judgment with the partial remand order directing the agency to complete further proceedings. Plaintiff could have filed— But the agency, even without a remand order, you don't need a remand order from the district court. If the district court strikes down the statute of limitations with no remand, the agency could do what it's doing now and could do whatever it wants. It doesn't need any remand from the district court to decide they're going to try to fix what the district court identified as wrong, right? The remand is meaningless for purposes of what the agency can do, right? I wouldn't say it's meaningless. It's providing— Why does the agency need the remand? If the district court strikes this provision, why does it have to say, and I remand too? It's meaningless. Well, under the body of case law decided by this and other circuits, remand is considered an appropriate remedy for, in particular cases like this, a procedural defect. If the district court thinks that it has to be treated as part of the same old issue, but if it doesn't, it can separate it out and be done with it. One other thing worth noting here for the record is that NILAC had brought two challenges to that statute of limitations issue. The district court, one of them is that the procedural—that it wasn't a logical outgrowth of the notice of proposed rulemaking that preceded it. The second part is that the record before the court showed that the three-year statute of limitations was not justified and was arbitrary and capricious. The remanded proceedings have actually concluded. They concluded in November of 22nd when, as your honors acknowledged, the agency issued a final rule that intended to supersede the 2019 rule. But that rule remains on the books, which is why we're here today. So how are they going to ever get this before us under the government's view of a final appealable order?  So it's before the Fifth Circuit. Let's say the Fifth Circuit strikes down the 2022 rule, right? Strikes it down. So now the 2019 rule is continuing as is. Can they appeal before us then or not? No, because the final judgment— Okay, so explain how they can get the final judgment. I want to understand how they're ever going to get the claims that they lost on before this court. Explain how that's going to happen. So this panel could issue a partial mandate under Rule 41 that would remand the case to the district court for the limited purpose of reopening proceedings so that plaintiff can inform the district court that the remanded agency proceedings have concluded on the three-year statute of limitations. But again, since the 2019 rule would still be on the books, so to speak, the district court would still need to resolve the question as to whether the three-year statute of limitations was substantively arbitrary and capricious. The district court can then address that merits issue and issue a final judgment. And this court could, under the partial mandate, retain jurisdiction to consider the merits of the appeal as currently prepared and then also the merits of— I didn't completely follow that. You're going a little bit fast for me there. I don't really understand how. If the district court has already said that the procedure was improper, right? So if the 22 rule gets struck down, you're still—the agency is operating on a part of the rule that was not an outgrowth, right? So under your theory, they can't appeal that either, right? They still can't appeal, right? That's correct. I think— The agency just leaves that in place for now. They don't know what to do. The Fifth Circuit struck it down. What are we going to do? Another year goes by. Two years goes by. Your position was they still can't appeal the other parts of the rule that they've lost on, right? That can't be right. So the point remains that there is a judgment that contains a remand order. I know, but it's a practical rule. When we look at whether or not something is final or not, one of the big issues is how are they going to make it? How are they going to get it to us? And the government has not proposed how they're ever going to get this under the government's theory of when jurisdiction would attach. It could be a decade. Your Honor, again, this was—and I'm happy to submit supplemental briefing on this point. But there was a Ninth Circuit case in which this very partial remand proposal was advanced—I'm sorry, approved or considered by— Which case are you talking about? I'm sorry. I don't have that in front of me. I'm happy to submit— Yeah, I looked at that case, though, and the two judges in the concurrence believe that if there is vacature and a remand that you have a final judgment that's appealable. If that's the case you're talking about, they didn't reach that issue in the majority opinion. And two judges in the concurrence suggested, contrary to what you're suggesting, that if the district court vacated the portion of the rule, even if it remanded, which it doesn't need to do, they think there would still be jurisdiction. That's why I was suggesting to your adversary that it's a pretty complicated situation with courts coming out different ways. We'll discuss whether we need supplemental briefing, but thank you. Thank you. All right. Let's do it. Culver, you have three minutes. Thank you. So, first, I believe the government is introducing a new argument for the first time here today, which is because the district court didn't address whether the provision it found unlawful was also arbitrary and capricious. There is somehow not a final judgment. That's a brand-new argument. It should not be considered by the court for the first time here today. And, secondly, the claim itself was whether the rule was arbitrary and capricious, and judgment was entered on that claim in the government's favor. Second, this court has held, and this is the case of Guertin v. United States, 743F3382, that, quote, in the usual case when an agency violates its obligations under the APA, we will vacate a judgment and remand to the agency to conduct further proceedings. So if that fact that you say, remand to the agency to conduct further proceedings, deprives a judgment of its finality, this court will never have appellate jurisdiction any time a plaintiff wins on any claim. And that can't be. And courts in this circuit all the time say, I vacate and remand to the district court for further proceedings. And that's how a plaintiff wins an APA case. So that's a final judgment. It can't be that I say, you also lose on other things. Therefore, now what would have been a final judgment if you won on everything is now not final because you also lost on some things. And I think that the problem that, Judge Bianco, you've recognized is that under the government's theory, there would never be appealability in a case where there's a mixed decision. And again, that Ninth Circuit decision that's cited is a situation where the district court explicitly withheld judgment on some of the claims and said, I direct the parties to come back and I retain jurisdiction. Here, the problem is the district court- There is one case, the Emory Long Distance Telephone case, the DC Circuit. In that case, where nothing happened for two years. It was a remand. Nothing happened. And then in that case, they said, given that nothing has happened for two years and it appears nothing's going to happen, we now have jurisdiction. So it's kind of an amorphous standard. But if my hypothetical that they just, if the 2022 one gets struck down and then some period goes by where they're just sitting under that case, somehow you could try to re-trigger this appeal, I guess, right? Well, I don't think we could try- In terms of this case, what is wrong with simply saying to the district court, you misunderstood the power that you had. You could have dealt with the statute of limitations in a way that was completely separate and leave this alone, and then there is jurisdiction. So where there are some, all of these methods isn't the best thing for us to do. And for you also to give it back to the district court to say, you can do this, and then there will be jurisdiction, and then very fairly quickly, we can treat with it. And not worry about all of these other things that might have happened and would be true in a case where the issue, statute of limitation here, would be a significant one, while here it is not. Well, just briefly, I see I'm over time. To respond to that, I think that presumes that this court would have to find it has jurisdiction to do that. And for it to have jurisdiction to do that, there would have to be a final judgment. No, no, no, no. This issue implicates our jurisdiction. We're just sending it back for the district court to consider all the options available before we decide whether we have jurisdiction or not. That's what we're doing. We're not deciding whether we have jurisdiction or not. We're saying, district court, you had this option that you didn't consider. Consider that so we can figure out whether we have jurisdiction or not. But if the district court vacates that portion and remands, it's still a complicated question. I know you would say that's enough, but we have never decided that particular question. If she just vacates with no remand, it's clear. But if she vacates and remands, then we're going to have to decide this issue, right? Because there's no case exactly on point on that, right? Well, no, your honor, we would point to the case in our brief, which we think are clear. But if the court is inclined to do that, we'd ask that it be done promptly just because this case has been pending for a long time. And the rule is harming student borrowers on the day-to-day. Thank you. All right. Thank you both. We'll reserve decision.